United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 96-3884EA

Shirley A. Springer Williams,                          *
                                                       *
                    Appellant,                         *
                                                       *
        v.                                             *
                                                       *
Southwestern Bell Corporation;                         *
Southwestern Bell Telephone Company;                   *
Southwestern Bell Corporation                          *
Management Pension Plan;                               *     Appeal from the United States
Southwestern Bell Corporation Pension                  *     District Court for the Eastern
Benefit Plan; Southwestern Bell                        *     District of Arkansas.
Corporation Saving and Security Plan;                   *
Southwestern Bell Corporation                          *     [UNPUBLISHED]
Employee Stock Ownership Plan;                          *
Southwestern Bell Corporation Group                     *
Life Insurance Program; General                        *
American Life Insurance Company;                        *
Michael A. Amantea, Individually and                    *
in his Official Capacity as Manger,                     *
Southwestern Bell Benefits Services,                    *
                                                       *
                    Appellees.                          *

_____

Submitted:  August 22, 1997
Filed: September 3, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Shirley A. Springer Williams appeals the district court's decision that she was not entitled to benefits under her late former husband's employee benefit plans. We agree with the district court that Williams's action is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461 (1994). See Equitable Life Assurance Soc'y of the U.S. v. Crysler, 66 F.3d 944, 948-49 (8th Cir. 1995). Contrary to Williams's view, she is not entitled to a jury trial under ERISA. See Houghton v. Sipco, Inc., 38 F.3d 953, 957 (8th Cir. 1994). We also agree with the district court that under the terms of applicable plans, the plan administrator did not abuse its discretion in deciding Williams was not entitled to benefits under the pension plan's survivor annuity and death benefits, and the employee stock ownership plan, or to the double indemnity provision for accidental death under the group life insurance policy. See Donaho v. FMC Corp., 74 F.3d 894, 898 (8th Cir. 1996). Finally, the district court's implicit denial of other pending motions was not an abuse of discretion. Cf. Toronto-Dominion Bank v. Central Nat'l Bank & Trust Co., 753 F.2d 66, 68 n.5 (8th Cir. 1985) (denial of pending motion may be implied from entry of final judgment). We thus affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.